Colón Birriel, Juez Ponente
*855 TEXTO COMPLETO DE LA RESOLUCION
I
Luis Lomba y su esposa Rita Mana Saldaña (los “peticionarios”) presentaron el 2 de abril de 2003 una Petición de Certiorari ante este Tribunal solicitando la revocación de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (el “TPI”), en el caso Palmas del Mar Properties, Inc. v. Luis Lomba, Civil Núm. HSCI2002-00332, el 7 de enero de 2003, notificada el 14 de enero. Mediante la referida Resolución se declaró No Ha Lugar su Moción Solicitando Desestimación de Causa de Acción por Violación de Deberes de Fiduciarios presentada el 17 de octubre de 2003.
Posteriormente, en o cerca del 13 de marzo de 2003, los peticionarios presentaron ante el TPI una Moción Solicitando Orden a tenor con la Regla 69.5 de Procedimiento Civil, donde solicitaron se le impusiera a Palmas del Mar Properties, Inc. (la “recurrida”) una fianza de no-residente por ser una corporación extranjera, organizada bajo las leyes del Estado de Delaware. En consideración a lo cual, el 14 de marzo de 2003, notificada el 28 de marzo, el TPI ordenó a la recurrida replicar a dicha moción en el plazo de veinte (20) días. Por su parte, en o cerca del 22 de abril de 2003, la recurrida presentó Oposición a Moción Solicitando Orden a tenor con la Regla 69.5.
Por otro lado, el 22 de abril de 2003, la recurrida solicitó la paralización de los procedimientos ante este tribunal hasta que el TPI emitiera resolución en cuanto a la imposición y el monto de la fianza de no-residente y se diera cumplimiento a la misma. El 2 de mayo, le concedimos término a los peticionarios para fijar su posición en torno a la solicitud de paralización de los procedimientos presentada por la recurrida. El 7 de mayo de 2003, los peticionarios presentaron su Moción en Cumplimiento de Orden en donde solicitaron se declarare No Ha Lugar la paralización y se expidiera el auto de certiorari solicitado. Por su parte, el 15 de mayo de 2003, la recurrida presentó Oposición a Moción en Cumplimiento de Orden donde, en lo pertinente, reiteró su solicitud de paralización de los procedimientos y la imposición y monto de la fianza de no-residente.
El 29 de mayo de 2003, la recurrida presentó ante este tribunal una Moción Informativa y Reiterando Solicitud de Paralización de Procedimientos donde indicó que se realizó una vista de seguimiento ante el TPI y se le impuso una fianza de no-residente de diez mil dólares ($10,000). El 12 de junio de 2003, notificada el 13 de junio, tomamos conocimiento judicial de la Minuta emitida por el TPI el 21 de mayo de 2003, imponiéndole a la recurrida una fianza de no-residente de diez mil dólares ($10,000) y paralizamos los procedimientos ante este tribunal hasta que la recurrida cumpliera con la Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.
Así las cosas, y tras otros incidentes, el 28 de agosto de 2003, la recurrida presentó ante este tribunal una Moción en Cumplimiento de Orden informándonos, entre otros, que por razones de negocios se vio obligada a abstenerse de prestar la fianza impuesta. Posteriormente, y tras otros trámites procesales, el 20 de noviembre de 2003, la recurrida presentó ante este foro, una Moción en Cumplimiento de Orden, donde nos informó, en lo pertinente, que el TPI “ordenó el archivo y cierre del caso con perjuicio al amparo de la Regla 39.1(b) e impuso a PDMPI el pago de honorarios de abogado por $1,500.00, además de las costas del proceso”. Por su parte, el 24 de noviembre de 2003, los peticionarios presentaron una Moción Informativa a la que acompañaron la Opinión y Sentencia dictada por el TPI el 3 de noviembre de 2003, notificada el 6 de noviembre, a la que hizo referencia la recurrida en la moción mencionada anteriormente.
A continuación, transcribimos la parte dispositiva de la referida Opinión y Sentencia:
“Por consiguiente, se dicta sentencia ordenándose el archivo y cierre definitivo del caso con perjuicio en razón de la Regla 39.1(b) de las de Procedimiento Civil por desistimiento voluntario de la parte demandante, y teniéndosele además por retirada y apartada el caso y condenándosele, no obstante, al pago por concepto de honorarios de abogado a favor de los esposos codemandados Lomba y Saldaña por la suma de $1,500.00 al *856 reflejar el expediente del presente caso por parte de los demandantes cierta frivolidad en sus alegaciones que en nada desembocaron, además de las costas en el proceso. ” (Enfasis en el original)
En consideración a lo expuesto, concluimos que el recurso ante nuestra consideración se ha convertido en académico, por lo que carecemos de facultad para seguir atendiéndolo. Veamos.
El artículo m de la Constitución de los Estados Unidos limita el poder judicial a “casos o controversias”. En ELA v. Aguayo, 80 D.P.R. 552, 558-59 (1958), nuestro Tribunal Supremo expresó que “los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas”. Antes de entrar a los méritos de un caso, hay que determinar si la controversia es justiciable, que se define por medio de doctrinas como legitimación activa, cuestión política y academicidad. Sánchez v. Secretario de Justicia, Op. de 28 de junio de 2002, 2002 J.T.S. 105, 1480.
En Aguayo, 80 D.P.R. en 584, se define un caso académico (moot) como:

“uno en que se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto, que al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente... ”. Ex parte Steele, 162 Fed. 694, 701 (N.D. Ala. 1908)”

En Asociación de Periodistas v. González, 127 D.P.R. 704, 717-18 (1991), nuestro Tribunal Supremo señaló que:

“[a]l considerar el concepto ‘academicidad’, hay que concentrarse en la relación existente entre los eventos pasados que dieron inicio al pleito y la adversidad presente. Este análisis es vital para determinar la existencia de los requisitos constitucionales (‘caso o controversia j o jurisprudenciales de justiciabilidad. Un caso se convierte en académico cuando con el paso del tiempo su condición de controversia viva y presente se pierde. ”

Es importante señalar que la doctrina de academicidad “requiere que durante todas las etapas de un procedimiento adversativo, incluyendo la etapa de apelación o revisión, exista una controversia genuina entre las partes." RBR Construction v. Autoridad de Carreteras, Op. de 22 de diciembre de 1999, 2000 J.T.S. 7,463; Pueblo v. Santos Ramos, 138 D.P.R. 810, 824 (1995).
La Regla 3 de Evidencia, 32 L.P.R.A. Ap. IV, enumera los medios de prueba admitidos en nuestros tribunales. Estos son: el conocimiento judicial, la evidencia testifical, la evidencia documental y la evidencia real, científica o demostrativa. A su vez, la Regla 11 de dicho cuerpo de reglas, señala los hechos que pueden ser tomados en consideración por conocimiento judicial:

“Regla 11. Conocimiento judicial de hechos adjudicativos.

(A) Los tribunales podrán tomar conocimiento judicial de hechos que no son razonablemente objeto de controversia por:

(1) Ser de conocimiento general dentro de la jurisdicción territorial del tribunal, o

(2) ser susceptibles de determinación inmediata y exacta recurriendo a fuentes cuya exactitud no puede ser razonablemente cuestionada.

*857
(B) Los tribunales podrán tomar conocimiento judicial a iniciativa propia y deberán tomar conocimiento judicial a solicitud de parte cuando ésta provea al tribunal con información suficiente para permitirle que tome tal conocimiento.

(C) La parte que solicita que se tome conocimiento judicial de un hecho debe notificar la solicitud a la parte adversa para dar oportunidad a ésta de prepararse y enfrentarse a la solicitud, si así lo estimare conveniente. Una parte tiene derecho a ser oída en tomo a si procede tomar conocimiento judicial.

(D) Los tribunales podrán tomar conocimiento judicial en cualquier etapa de los procedimientos, incluyendo la etapa apelativa.

(E) En casos criminales por jurado, el juez instruirá a los miembros del jurado de que deben aceptar como concluyente cualquier hecho del cual se haya tomado conocimiento judicial. ”

Conforme a la jurisprudencia y regla citada, hemos tomado conocimiento judicial de la Opinión y Sentencia dictada por el TPI el 3 de noviembre de 2003. A nuestro juicio, el archivo y cierre con perjuicio del caso conlleva un cambio significativo, por el cual el mismo pierde su condición de controversia viva y presente, característica que siempre ha de existir si un tribunal quiere evitar opiniones consultivas en asuntos abstractos de derecho. La doctrina de academicidad requiere que durante todas las etapas de un procedimiento adversativo, incluyendo la etapa de apelación o revisión, exista una controversia genuina entre las partes. Noriega Rodríguez v. Hernández Colón, 135 D.P.R. 406 (1994).
Los peticionarios, en su Petición de Certiorari, solicitan la desestimación del caso por violación a deberes fiduciarios; en el momento que el TPI ordenó el archivo y cierre del caso con perjuicio, el recurso de certiorari se convirtió en académico y procede la desestimación del mismo. La Regla 83 del Reglamento Transitorio del Tribunal de Apelaciones, 2003 J.T.S. 157, dispone:

“Regla 83. Desistimiento y desestimación.

(A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento.

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) [...]

(5) Que el recurso se ha convertido en académico. (Enfasis nuestro)

(C) El Tribunal de Circuito de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

(D) Las resoluciones que emita el Tribunal de Circuito de Apelaciones bajo esta regla deberán ser fundamentadas. ”

En mérito a lo expuesto, desestimamos el recurso de certiorari presentado por los peticionarios en el caso Palmas del Mar Properties, Inc. v. Luis Lomba, Civil Núm. HSCI2002-00332, ante el Tribunal de Primera Instancia, Sala Superior de Humacao, por haberse tornado en académico, Regla 83 (C)(5) de nuestro Reglamento Transitorio.
Lo acordó el Tribunal y lo certifica la Secretaria General.
*858 Aida I. Oquendo Graulau
Secretaria General